IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL B. ATTIA                                                                            PLAINTIFF

v.                                                     CIVIL ACTION NO. 1:21-cv-00090-LG-JCG

FRANK G. MARTIN et al.                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court *sua sponte* for consideration of Plaintiff Joel B. Attia's *pro se* Complaint filed on March 26, 2021[1] and subsequent amended complaint. [2].

## BACKGROUND

By order of April 7, 2021, the Court provisionally granted Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (a)(1). [3]. The Plaintiff's Complaint alleges that "all defendants took my life on numerous occasions and I have died many deaths only to be awoken by God." [1 at 7]. He seeks $1 trillion in punitive damages, $1 trillion in exemplartary [sic] damages, and "also $10 trillion should wrap it up." [1 at 7]. The Plaintiff further stated "[t]his terrorism has been and is still going on today, and Nvidia has everything to do with it. Let's go to court." [1 at 8].

The Plaintiff's Complaint asserts the existence of both federal question and diversity jurisdiction. [1 at 6]. As to the federal statutes, treaties, or provisions of the United States Constitution giving rise to federal question jurisdiction; the Plaintiff

1

asserts "[t]errorism, theft of body parts, which I will prove, HIPPA Rights, Federal Privacy Rights, and to many to list." [1 at 6]. When asked to provide the basis for diversity jurisdiction the Plaintiff states that he is a resident of the state of Alabama and that Defendant Martin is a resident of the state of Mississippi. [1 at 6]. Additionally, the Plaintiff asserts that the amount in controversy is $10 trillion. [1 at 7].

The Court found the Plaintiff's Complaint failed to (1) establish the Court's jurisdiction, (2) provide sufficient facts to state a plausible claim for relief, (3) demonstrate the claims are not barred by the doctrines of res judicata or collateral estoppel based on the previous dismissal with prejudice of *Attia v. Jackson*, 1:20-cv-00211-LG-RPM, and (4) provide an address for service on the Defendants. [3].

Accordingly, the Court directed the Plaintiff to file an amended complaint addressing each of the four aforementioned issues. [3 at 4]. The Plaintiff filed an amended complaint on April 20, 2021. [4]. His amended complaint asserts that the Court has subject-matter jurisdiction because "of the amount of monetary relief that is being ask for … also the fact that Dr. Frank G. Martin put foreign material inside [sic] my body …" The Plaintiff further contends that subject-matter exists because of "terrorism." [4].

## ANALYSIS

The Court provisionally granted the Plaintiff's motion to proceed *in forma pauperis* and directed him to file an amended complaint that (1) specified the basis for the Court's jurisdiction, (2) provided sufficient facts to state a plausible claim for

2

relief, (3) demonstrated that the Plaintiff's claims are not barred by the previous dismissal with prejudice, and (4) provided an address for service on the Defendants. [3]. The Plaintiff subsequently filed an amended complaint on April 20, 2021. [4]. After reviewing the amended complaint, the Court finds that the Plaintiff has failed to address any of the four specific issues outlined in the Court's previous order.

### I. Failure to Establish Federal Jurisdiction

The Plaintiff's amended complaint asserts that he will prove his claims "if this Court will stop trying to make me try my case before it ever gets to court." [4]. The Plaintiff further contends ". . . it will all be proven if you [the Court] will quit trying to block my trial." [4]. The Plaintiff's assertion that the Court attempts to make him try his case before it gets to Court or to block his trial is incorrect.

Article III, section 1 of the United States Constitution provides that "[t]he judicial power of the United States, shall be vested in one supreme Court, and in such inferior Court as the Congress may from time to time ordain and establish." Pursuant to that directive, the First Congress established the federal court system with the passage of the Judiciary Act of 1789.

Federal courts are courts of limited jurisdiction. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992). Unlike state courts, federal courts have no inherit or general subject-matter jurisdiction. Instead, federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: Those involving diversity of citizenship, a federal question, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994)

Put simply, a federal court may only hear a case that it has subject-matter jurisdiction over. For that reason, the civil complaint form asks the Plaintiff to indicate whether the federal court's jurisdiction is based on a "federal question" or "diversity of citizenship." Federal question jurisdiction is defined by 28 U.S. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Conversely, diversity jurisdiction is defined by 28 U.S.C. § 1332 which provides that the district court has original jurisdiction in all civil actions where the amount in controversy exceeds $75,000, "***and*** is between (1) citizens of different states …" (emphasis added).

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkenen,* 511 U.S. at 377.

In the present case, the Plaintiff asserts that the Court possesses both federal question and diversity jurisdiction. The Court addresses each in turn.

    A. <u>Federal Question Jurisdiction</u>

If a Plaintiff asserts federal question jurisdiction, the complaint asks for ". . . the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." [1 at 6]. Here the Plaintiff responded

"terrorism, theft of body parts, which I will prove, HIPPA Rights, Federal Privacy Rights, and to many to list." [1 at 6].

The Court previously informed the Plaintiff that HIPAA does not confer subject-matter jurisdiction. *Akins v. Liberty Cnty, Tex.*, No. 1:10-cv-328, 2011 WL 676954, at *5 (E.D. Tex. Feb. 15, 2011). [3]. The Court further informed the Plaintiff that no other information had been provided about what federal rights have been violated or how Defendants' actions are related to those rights. Therefore, the Court directed the Plaintiff to file an amended complaint specifying the basis for the Court's jurisdiction. [3].

The Plaintiff's amended complaint alleges that subject-matter jurisdiction exists because of "terrorism." [4]. But terrorism is not a federal statute or treaty, nor is it a provision of the United States Constitution. Because the Plaintiff has provided no information indicating the existence of a federal question, the only remaining avenue for the Court to exercise jurisdiction over the dispute is through the existence of diversity of citizenship among the parties.

### B. Diversity Jurisdiction

If a Plaintiff asserts diversity jurisdiction, the complaint asks for the citizenship of each party as well as the amount in controversy. [1 at 6]. Here the Plaintiff asserts that he is a citizen of the state of Alabama and that Defendant Martin is a citizen of the state of Mississippi. [1 at 6]. The Plaintiff further asserts that the amount in controversy is $10 trillion. [1 at 7].

As an initial matter, the Plaintiff allegedly satisfies the amount in controversy requirement by pleading $ 10 trillion. Which exceeds the $75,000 threshold established by 28 U.S. § 1332. Therefore, the only remaining requirement to establish diversity jurisdiction is to show the dispute is "between citizens of different states." 28 U.S.C. § 1332.

The Supreme Court has long held §1332(a)(1)'s requirement that the controversy "is between citizens of different states," "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss* 7 U.S. 267 (1806)). Based on the information provided the requisite diversity among the parties does not appear to exist. When asked for his state of residency to determine diversity jurisdiction, the Plaintiff asserts that he is a citizen of the state of Alabama. Yet, on the first page of the Complaint, the Plaintiff asserts that he resides in Moss Point, Mississippi. Additionally, the Plaintiff both sends and receives his mail (including documents associated with his numerous cases in this Court) through a Jackson County, Mississippi address. When asked for his county of residency, the Plaintiff responds "Jackson Co." Yet, it is unclear based on the record before the Court if that is Jackson County, Alabama, or Mississippi. The Court also notes that in another suit, *Attia v. Forest General Hospital et al.*, 1:21-cv-00100-LG-JCG, the Plaintiff asserted that he is a resident of the state of Mississippi.

In the present case, the Plaintiff names sixteen Defendants. Of the sixteen Defendants, fifteen are allegedly residents of the state of Mississippi, while the sixteenth is allegedly a resident of the state of Alabama.

6

For the foregoing reasons, the undersigned is unable to determine the existence of diversity among the parties to the dispute. Regardless of which state the Plaintiff claims residency in, diversity is unlikely to exist since named Defendants allegedly reside in both states.

In conclusion, the Plaintiff's assertion that the Court is attempting to make him try his case before it gets to court or to block his trial is incorrect. Instead, the Court fulfills its proper role by ensuring that it has subject-matter jurisdiction over the disputes that come before it. Put simply, without subject-matter jurisdiction, the Court cannot hear the case. Accordingly, the Court does not seek to block the Plaintiff from adjudicating. On the contrary, the Court seeks to ascertain whether it possesses the requisite subject-matter jurisdiction to hear the Plaintiff's case.

## II. <u>Failure to State a Plausible Claim for Relief</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In assessing whether the Complaint, in this case, states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.

Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 681. "[P]leadings that ... are no more than conclusions are not entitled to the assumption of truth. While legal

7

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

"A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

The complaint's statement of claim section directs a Plaintiff to do each of the following: (1) write a short and plain statement of the claim, (2) state the facts showing the painted is entitled to the damages or relief sought, and (3) indicate how each defendant was involved and what actions they took that caused the plaintiff harm or violated their rights, including the dates and places of that involvement or conduct. [1 at 7].

In response, the Plaintiff states "all Defendants took my life on numerous occasions and I have died many deaths only to be awoken by God." Even construed under the liberal *pro se* standard, the Plaintiff fails to provide set forth any facts that give rise to a claim on which the Court could grant relief. Furthermore, the Plaintiff provides no explanation of how each of the sixteen Defendants was involved, what actions they took that caused him any harm, or when and where such actions took place.

For these reasons, the undersigned finds that the Plaintiff has failed to follow the Court's Order to file an amended complaint alleging sufficient facts to state a claim upon which relief can be granted.

8

## III. Failure to Demonstrate the Plaintiff's Claims are not Barred by the Previous Dismissal with Prejudice

The Court's Order also directed the Plaintiff to demonstrate in the amended complaint that his claims are not barred based on the previous dismissal with prejudice. [3 at 4]. The Plaintiff previously named several of the same Defendants in *Attia v. Jackson*, 1:20-cv-00211-LG-RPM, which also concerned HIPAA violations, privacy rights, and terrorism. That case was dismissed with prejudice. In his amended complaint, the Plaintiff makes no effort or mention of the concerns expressed in the Court's previous Order.

For these reasons, the undersigned finds that the Plaintiff has failed to follow the Court's Order to file an amended complaint explaining why the present claims are not barred. Furthermore, the undersigned finds based on the record that the claims in the present case may be barred by the doctrines of res judicata or collateral estoppel.

## IV. Failure to Provide an Address for Service on the Defendants

Finally, the Court directed the Plaintiff to provide an address for service on the Defendants. [3 at 4]. Defendant Martin has no listed address. While Defendant Providence Hospital's address is listed as "not sure Mobile Airport B." After reviewing the Plaintiff's amended complaint, the Court finds that Plaintiff provided no address for either.

For these reasons, the undersigned finds that the Plaintiff has failed to follow the Court's Order to provide an address for service on multiple Defendants.

## V. <u>Dismissal for Factual Frivolousness</u>

Based upon the information provided, the Court provisionally granted the Plaintiff's *in forma pauperis* motion. [3]. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.*

To prevent this, section 1915(e)(2) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A court is not required to wait for a defendant to move for dismissal; a court may dismiss a case upon its own motion if the case falls within the parameters of § 1915(e)(2). *Neitzke*, 490 U.S. at 327.

Section 1915(e)(2)(B)(i) directs the court to dismiss a claim "at any time if the court determines that the action of appeal if frivolous or malicious." Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim,

where a judge must accept all factual allegations as true, a judge does not have to accept "fanciful, fantastic, and delusional scenarios," or ones that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Plaintiff 's claim that "all Defendants took my life on numerous occasions and I have died many deaths only to be awoken by God," is delusional, irrational, and wholly incredible. Lending further credence to the frivolousness of these claims, is the Plaintiff's request for $10 trillion in damages.

For these reasons, the undersigned finds that the Plaintiff's claims should be dismissed as frivolous.

### VI. Order to Show Cause

Plaintiff's history of litigation indicates that he is a vexatious litigant who files lawsuits without a good faith basis. Since 2016, Plaintiff has filed thirteen separate cases in the Southern District of Mississippi. Nine of those thirteen have been filed in the current calendar year alone. And six of those thirteen were filed over a less than two-week span in May.

Of the thirteen cases that have been filled two have been dismissed with prejudice. *See Attia v. Jackson et al.*, 1:20-cv-00211-LG-RPM (dismissed with prejudice); *Attia v. Hard Rock Casino et al.*, 1:20-cv-00332-RPM (dismissed with prejudice). Two have been dismissed as frivolous. *See Attia v. Guirola et al.*, 1:21-cv-00170-DMB-JV (dismissed as frivolous); *Attia v. Gargiulo et al.*, 1:21-cv-00180-DMB-JMV (dismissed as frivolous). And two others have been dismissed without

prejudice. *See Attia v. Ford Motor Company et al.*, 1:21-cv-00091-HSO-JCG; *Attia v. Nvidia Corp. et al.*, 1:20-cv-00343-HSO-JCG.

In both dismissals without prejudice, the Court dismissed the cases for lack of subject-matter jurisdiction after providing the Plaintiff the opportunity to file an amended complaint pleading subject-matter jurisdiction. This is not only the same deficiency the Court's previous Order [3 at 2] pointed out, and again recites today, but one it has unsuccessfully directed the Plaintiff to correct in other recently filed cases. *See Attia v. Forest General Hospital et al.*, 1:21-cv-00100-LG-JCG; *Attia v. Wray et al.*, 1:21-cv-00178-HSO-JCG,

The Court notes that the Plaintiff has sued various combinations of the present Defendants in at least ten of his thirteen previous suits. This includes suing several of them in the suits that were dismissed with prejudice, or as frivolous.

Federal courts have inherent authority and an obligation to curtail the future filing of vexatious litigation and protect the orderly administration of justice. *See Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 189 (5th Cir. 2008). Rule 11 of the Federal Rules of Civil Procedure prohibits parties from filing frivolous claims and requires that the arguments presented be supported by existing law or a nonfrivolous argument for existing law, and the factual contentions be supported by evidence. Accordingly, Rule 11(c) permits a court on its own initiative to require a party to show cause why the aforementioned conduct has not violated Rule 11(b).

The Court has provided the Plaintiff numerous judicial notices regarding frivolous filings. See *Attia v. Martin et al.*, 1:21-cv-00090-LG-JCG (Doc. 3), *Attia v.*

*Forest General Hospital et al.*, 1:21-cv-00100-LG-JCG; *Attia v. Wray et al.*, 1:21-cv-00178-HSO-JCG; *Attia v. Jackson et al.*, 1:20-cv-00211-LG-RPM; *Attia v. Nvidia et al.*, 1:20-cv-00343-HSO-JCG. See also Attia v. Guirola et al., 1:21-cv-00170-DMB-JV (dismissed as frivolous); *Attia v. Gargiulo et al.*, 1:21-cv-00180-DMB-JMV (dismissed as frivolous).

In a recent case, dealing with a similarly vexatious litigant, the Fifth Circuit found the Plaintiff-Appellant's numerous cases over the same issues to be frivolous and ordered her to show cause why she should not be sanctioned. *See Anderson v. Wells Fargo Bank*, 953 F.3d 311, 315 (5th Cir. 2020). The Court opined "we also have "inherent power to impose sanctions for abuse of the judicial process. That her filings are *pro se* offers Anderson no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id* (cleaned up). Therefore, the Court order the Plaintiff-Appellant to

> show cause within fourteen days why we should not impose sanctions, including: (1) an injunction against future filings without permission from the forum court, (2) single or double the defendants' costs and attorneys' fees, (3) just damages, and (4) any other just relief necessary to deter her from abusing the judicial process.

Id. at 315-16.

Based on Fifth Circuit precedent and considering the Plaintiff's similar litigation history, the undersigned recommends that the Plaintiff must file a written a written response within fourteen days showing why he should not be sanctioned and enjoined from filing future suits without first obtaining written permission to do so from either a district judge or magistrate judge.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint be dismissed for failing to demonstrate subject-matter jurisdiction, to state a plausible claim for relief, to demonstrate that his claims are not barred, and to provide an address for service on the Defendants. In the alternative, the undersigned recommends the Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that the Plaintiff be ordered to show cause, within fourteen days, as to why he should not be sanctioned or enjoined from filing future suits without first obtaining written permission from the Court.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 8th day of June 2021

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE