IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL B. ATTIA                                                                    PLAINTIFF

v.                                                              CAUSE NO. 1:21CV90-LG-JCG

DR. FRANK G. MARTIN; DR.
BRIAN PITRE; DAVID
JACKSON; RANDY NEIL;
DARLENE ELERS (MCLAMORE);
STEVE HAVARD (OR DOE);
PAUL RE-ALLY; JERRY
MINCHEW; TOMMY DUTTON
(OR STRINGFELLOW); DELILAH
SAYRE (OR SAYER); DR.
NICHALOS FAYARD; OCEAN
SPRINGS HOSPITAL;
PASCAGOULA SINGING RIVER
HOSPITAL; PASCAGOULA
POLICE; FBI SAFE STREETS
TASK FORCE; and
PROVIDENCE HOSPITAL                                                DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND REQUIRING PLAINTIFF TO SHOW CAUSE

**BEFORE THE COURT** is the [6] Report and Recommendations entered by United States Magistrate Judge John C. Gargiulo in which he recommends that this lawsuit should be dismissed for several reasons, including lack of subject matter jurisdiction and failure to state a plausible claim for relief. Judge Gargiulo also recommends that the plaintiff, Joel B. Attia, be ordered to show cause why he should not be sanctioned or enjoined from filing future lawsuits without first obtaining written permission from the Court. Attia filed an objection to the Report and Recommendations. After reviewing the submissions of the parties, the record

in this matter, and the applicable law, the Court finds that this lawsuit should be dismissed for lack of subject matter jurisdiction. The Court further finds that Attia should be required to show cause why this Court should not enjoin him from filing future lawsuits before this Court without first obtaining the Court's permission.

## BACKGROUND

Attia filed this lawsuit on March 26, 2021, against sixteen defendants. He asserted that this Court has federal question jurisdiction based on "terrorism, theft of body parts . . . , HIPPA rights, federal privacy rights and to [sic] many to list." (Compl. at 3, ECF No. 1). He also claimed that the Court has diversity jurisdiction because he is a citizen of Alabama, the defendant David Martin is a resident of Mississippi, and the amount in controversy is ten trillion dollars. He claimed that the defendants "took [his] life on numerous occasions and [he has] died many deaths only to be awoken by God." (*Id.* at 4).

Judge Gargiulo provisionally granted Attia's Motion to Proceed In Forma Pauperis and ordered him to file an amended complaint that specified the basis of the Court's jurisdiction and provided sufficient facts to state a plausible claim for relief. Judge Gargiulo also ordered Attia to demonstrate that his claims are not barred by the doctrine of res judicata or collateral estoppel and to provide the address for service of process on each defendant.

Attia filed an [4] Amended Complaint in which he once again claims that the Court has subject matter jurisdiction based on the amount in controversy and the "subject matter of terrorism." He claims that x-rays reveal that something

resembling a credit-card-sized supercomputer has been surgically implanted in his abdomen. He also claims that a "lap ban" has been placed on his intestines. He did not provide the defendants' addresses for service of process.

Judge Gargiulo entered the present Report and Recommendation proposing dismissal of this lawsuit for: (1) lack of jurisdiction; (2) failure to state a plausible claim for relief; (3) failure to demonstrate that the claims asserted are bot barred by a previous dismissal with prejudice; (4) failure to provide addresses for service of process; and (5) factual frivolousness. Attia filed an objection in which he provided addresses for some of the defendants as well as some exhibits and additional facts, but he did not otherwise comply with the Court's [3] Order.

## DISCUSSION

### I. RECOMMENDATION OF DISMISSAL

Federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3). Attia has the burden of demonstrating that this Court has jurisdiction over his claims. *Hill v. Rsch. Inst. of Am. Grp.*, 209 F.3d 719 (5th Cir. 2000).

As Judge Gargiulo correctly determined, Attia has not provided any valid basis for federal question jurisdiction. *See* 28 U.S.C. § 1331 ("[D]istrict courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The only specific bases for federal question

jurisdiction cited by Attia are HIPAA and alleged terrorism. HIPAA does not convey federal jurisdiction because it does not create a private cause of action. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). The Anti-Terrorism Act provides a private right of action for United States nationals injured by acts of international terrorism, not domestic terrorism like that alleged by Attia. *See* 18 U.S.C. § 2333(a). Finally, while Attia has sued the Pascagoula Police Department and an FBI Task Force, he has not made any allegations concerning these defendants or explained why they are parties to this lawsuit; thus, his Amended Complaint cannot be construed to assert a federal claim against them.

Attia also has not demonstrated that this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (providing that federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between . . . citizens of different States.") First, he has made seemingly conflicting statements to the Court concerning his citizenship. Attia claims in the present case that he is a citizen of Alabama, but in a separate lawsuit filed only six days later, Attia alleged that he was a citizen of Mississippi. *See Attia v. Forest General Hospital*, 1:21cv100-LG-JCG. In yet another lawsuit filed almost two months later, Attia once again alleged he was an Alabama citizen. *See Attia v. Guirola,* 1:21cv170-DMB-JMV. All of Attia's mail in this lawsuit has gone to and come from a Mississippi address. Attia has not provided any other information from which the Court can determine his actual citizenship for purposes of diversity jurisdiction. Furthermore, Attia has sued at least one defendant that he

alleges is a citizen of Alabama and numerous defendants that are citizens of Mississippi. Therefore, regardless of whether Attia is a citizen of Alabama or Mississippi, diversity of citizenship is not satisfied in this lawsuit.

Since the Court finds that it does not have jurisdiction over this lawsuit, the Court will not address the additional grounds for dismissal cited in Judge Gargiulo's Report and Recommendation. This lawsuit must be dismissed without prejudice.

**II. RECOMMENDATION OF ISSUANCE OF ORDER TO SHOW CAUSE**

Judge Gargiulo also recommends that this Court issue an order requiring Attia to show cause why he should not be enjoined from filing future lawsuits without first obtaining permission from the Court. Attia has filed at least thirteen lawsuits before this Court, and the following cases partially rely on allegations that some of the defendants surgically implanted a super-computer inside Attia's abdomen: *Attia v. Jackson*, 1:20cv211-LG-RPM, *Attia v. Hard Rock Casino*, 1:20cv332-RPM; *Attia v. Gargiulo*, 1:21cv180-DMB-JMV; *Attia v. Nvidia Corp.*, 1:20cv343-HSO-JCG; *Attia v. Wray*, 1:21cv178-HSO-JCG; *Attia v. Isle of Capri Casino and Resort*, 1:21cv177-HSO-RPM; and *Attia v. Huang*, 1:21cv179-TBM-RPM. Although several of these cases have been dismissed as frivolous, Attia continues to repeatedly file cases based on the same delusional allegations.

Federal district courts have inherent authority to impose sanctions for bad faith or willful abuse of the judicial process. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). In *Anderson v. Wells Fargo Bank, N.A.*, the Fifth Circuit

found that it had authority to issue an Order to Show Cause why sanctions should not be imposed where a pro se plaintiff had repeatedly asserted the same factual allegations despite having been cautioned that her lawsuits were frivolous. 953 F.3d 311, 315-16 (5th Cir. 2020). "The authority of a court to enjoin future filings 'flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket.'" *United States v. Fulton*, 469 F. App'x 322, 324 (5th Cir. 2012) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir.1986)).

> Fed. R. Civ. P. 11 provides:
>
> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b)(1), (2). District courts have collateral jurisdiction to impose sanctions even where, as here, the case was dismissed for lack of subject matter jurisdiction. *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637 (5th Cir. 2008); *see also DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287 (5th Cir. 2015) ("[R]egardless of a court's ability to hear the merits of a suit, it possesses the power to sanction a noncompliant party that stands before it."). "If the law were otherwise, a court would be powerless to punish misconduct,

however extreme, in a case filed in federal court despite a lack of subject matter jurisdiction." *Peterson v. Jones*, No. 20-20130, 2021 WL 1277942, at *2 (5th Cir. Apr. 6, 2021). "[N]otice and a hearing are required if the district court sua sponte imposes a pre-filing injunction." *Fulton*, 469 F. App'x at 324.

Attia is therefore ordered to show cause in writing on or before July 13, 2021, why this Court should not enjoin him from filing future lawsuits before this Court without first obtaining permission from the Court. Attia is cautioned that failure to file a response on or before July 13, 2021, may result in entry of a pre-filing injunction without further notice or order of the Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [6] Report and Recommendations entered by United States Magistrate Judge John C. Gargiulo is **ADOPTED** as the opinion of this Court. This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that Joel B. Attia is **ORDERED TO SHOW CAUSE** in writing on or before **JULY 13, 2021**, why this Court should not enjoin him from filing future lawsuits before this Court without first obtaining permission from the Court.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE